IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-572-D

| | | |
|---|---|---|
| SHAW ALUMNI AND FRIENDS, INC., ex. rel. CAROL HOLLOWAY, EMILY PERRY, and EUGENE MYRICK, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **ORDER** |
| JOSEPH N. BELL, JR., and WILLIE E. GARY, | ) ) ) ) | |
| Defendants. | ) | |

On October 29, 2015, plaintiffs Carol Holloway, Emily Perry, Eugene Myrick, and their nonprofit corporation, Shaw Alumni and Friends, Inc., (collectively, "plaintiffs"), filed this breach of contract action against Joseph N. Bell, Jr., and Willie E. Gary ("defendants"), the current and former chairmen of Shaw University's Board of Trustees. Compl. [D.E. 1]. On December 28, 2015, defendants moved to dismiss for failure to state a claim and for lack of standing [D.E. 17, 18]. On January 31, 2016, plaintiffs responded [D.E. 21]. As discussed below, the court grants defendants' motion to dismiss for failure to state a claim.

I.

Shaw University ("Shaw") is a private coeducational university in Raleigh, North Carolina. Compl. ¶ 1. Shaw's Board of Trustees, headed by its chairman, presides over Shaw's financial decisionmaking, institutional initiatives, and selection of its president. Id. ¶¶ 13–15, 17–19, 22–30. Plaintiffs allege that defendants, the current chairman of the Board of Trustees and his immediate predecessor, mismanaged Shaw's financial resources, improperly conducted recent presidential searches, and made poor decisions regarding institutional initiatives. See id. ¶¶ 32–48, 59–62. Plaintiffs also suggest that the Board of Trustees's hiring two companies, owned by siblings of the

defendants, violated the Board of Trustees's Conflict of Interest Policy. Id. ¶¶ 54–62.

Plaintiffs are a nonprofit corporation, formed to award scholarships and to litigate this lawsuit, and a group of former Shaw students. See id. ¶¶ 4–5. Plaintiffs allege that defendants' failure to properly conduct their duties as chairmen and trustees breached "a Contract with each student, faculty member, and alumnus of the University to protect not only the value of their degrees, but also [to] serve the University by acting in its best interest." Id. ¶ 64. Plaintiffs argue that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Id. ¶¶ 11–12.[1]

## II.

### A.

Article III of the United States Constitution vests federal courts with the power to decide "Cases" and "Controversies" between parties. U.S. Const. art. III, § 2. Standing requirements "ensure[] that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under [Article III]." Pye v. United States, 269 F.3d 459, 466 (4th Cir. 2001); see Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102 (1998). A federal district court cannot "create its own jurisdiction by embellishing otherwise deficient allegations of standing." Whitmore v. Arkansas, 495 U.S. 149, 155–56 (1990). Standing requirements, however, do not provide an alternative mechanism for a court to evaluate the merits of a claim. If a plaintiff asserts a meritless claim in federal court, the court does not lose jurisdiction over the claim because of a lack of standing. Rather, it should dismiss the claim under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Arbaugh v. Y & H Corp., 546 U.S. 500, 513–15 (2006); Neitzke v. Williams, 490 U.S. 319, 328 (1989); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 259–60 (4th Cir. 2009).

---

[1] Plaintiffs allege that all plaintiffs are North Carolina citizens but do not allege the state of citizenship of either defendant. See Compl. ¶¶ 4–5. However, based upon the complaint's certificate of service, id. 17, the court construes the complaint to mean that defendants are citizens of Georgia and Florida and that diversity of citizenship exists. Cf. id. ¶ 11.

2

Defendants argue that no contract exists between plaintiffs and defendants, postulate that plaintiffs "may be attempting to state a claim for breach of contract as third party beneficiaries" or "to assert derivative claims on behalf of the University," see [D.E. 18] 6–8, and argue that plaintiffs lack standing to assert a third-party or derivative claim. See id.; [D.E. 17] 1. The court rejects defendants' recharacterization of plaintiffs' claim. Plaintiffs allege that by becoming Chairman of the Board of Trustees, defendants each entered into a contract directly with plaintiffs. See Compl. ¶ 64. If a contract between plaintiffs and defendants existed and the court has diversity jurisdiction, the contract breach would constitute a case or controversy under Article III. See, e.g., Arbaugh, 546 U.S. at 513–15. Because the statutory diversity and minimum amount in controversy requirements are met, the court has jurisdiction over the breach of contract claim. See id. Thus, the court considers whether plaintiffs have stated a plausible claim for breach of contract under Rule 12(b)(6). See id.

B.

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of the complaint. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). The court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff[s] in weighing the legal sufficiency of the complaint." Nemet Chevrolet, Ltd., 591 F.3d at 255. It need not, however, accept as true a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Id. Moreover, in considering a motion to dismiss, a court may look to documents attached to the complaint and the motion to dismiss if those documents are integral to the complaint and authentic. Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Sec'y of State

for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004).

A federal court sitting in diversity applies the substantive law of the state under whose law the cause of action arose. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496–97 (1941). Thus, the court applies North Carolina law and must determine how the Supreme Court of North Carolina would rule on plaintiffs' breach of contract claim. See, e.g., Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of S.C., 433 F.3d 365, 369 (4th Cir. 2005); Teague v. Bakker, 35 F.3d 978, 991 (4th Cir. 1994). "If the Supreme Court of [North Carolina] has spoken neither directly nor indirectly on the particular issue . . . [this court is] called upon to predict how that court would rule if presented with the issue." Twin City Fire Ins. Co., 433 F.3d at 369 (quotation omitted). In making that prediction, the court may consider opinions of the North Carolina Court of Appeals, treatises, and the practices of other states. Id.

To state a breach of contract claim under North Carolina law, plaintiffs must plausibly allege (1) the existence of a valid contract and (2) a breach of the contract's terms. See McLamb v. T.P. Inc., 173 N.C. App. 586, 588, 619 S.E.2d 577, 580 (2005); Poor v. Hill, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000); Jackson v. Carolina Hardwood Co., 120 N.C. App. 870, 871, 463 S.E.2d 571, 572 (1995). "A [valid] contract is . . . a promise supported by consideration, which arises when the terms of an offer are accepted by the party to whom it is extended." McLamb, 173 N.C. App. at 588, 619 S.E.2d at 580 (quotation and alteration omitted); see Fordham v. Eason, 351 N.C. 151, 157–59, 521 S.E.2d 701, 705–06 (1999); McCraw v. Llewellyn, 256 N.C. 213, 216, 123 S.E.2d 575, 578 (1962) ("A contract is an agreement between two or more persons upon sufficient consideration to do or to refrain from doing a particular act." (quotations omitted)).

Plaintiffs have not plausibly alleged the existence of a contract between defendants and plaintiffs. They merely assert that "[u]pon accepting the office of Chairman of the Board of Trustees[,] each Defendant entered into a Contract with each student, faculty member, and alumnus

of the University." Compl. ¶ 64. Plaintiffs' assertion that a contract existed between plaintiffs and defendants lacks "further factual enhancement." Nemet Chevrolet, Ltd., 591 F.3d at 255. For example, plaintiffs do not plausibly allege facts constituting an offer and acceptance of contractual terms between plaintiffs and defendants. Likewise, they do not plausibly allege that plaintiffs and defendants exchanged any consideration for defendants' service as chairmen of the Board of Trustees. Cf. Fordham, 351 N.C. at 157–59, 521 S.E.2d at 705–06; McCraw, 256 N.C. at 216, 123 S.E.2d at 578; McLamb, 173 N.C. App. at 588, 619 S.E.2d at 580. Furthermore, plaintiffs do not identify, attach, or otherwise integrate into their complaint a copy of the alleged contract for the court to examine. Cf. Philips, 572 F.3d at 180; Sec'y of State for Defence, 484 F.3d at 705; Am. Chiropractic Ass'n, 367 F.3d at 234. Given the absence of any plausible allegations supporting the existence of an enforceable contract between plaintiffs and defendants, the court rejects the complaint's bare assertion of such a contract. Because plaintiffs have failed to plausibly allege breach of contract under North Carolina law, the court grants defendants' motion to dismiss.

C.

Federal Rule of Civil Procedure 11 requires an attorney to make a reasonable inquiry to determine that a complaint is well grounded in both fact and law and not filed for an improper purpose, such as harassment of a defendant. Fed. R. Civ. P. 11(b). Under Rule 11, the court may, sua sponte, order a party to show cause why its actions have not violated Rule 11. Id. 11(c)(3).

When the court reviews a potential Rule 11 violation, "[a]n objective test is used to determine the reasonableness of a lawyer's prefiling investigation." In re Kunstler, 914 F.2d 505, 514 (4th Cir. 1990) (quotation omitted). A complaint's factual allegations fall short of Rule 11(b)(3)'s requirements when a lawyer fails to obtain corroborating information before filing a complaint. Morris v. Wachovia Sec., Inc., 448 F.3d 268, 277 (4th Cir. 2006). A legal argument violates Rule 11(b)(2) when it has "absolutely no chance of success under the existing precedent." Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 153 (4th Cir. 2002) (quotation omitted). A legal

5

position, however, must be more than unsuccessful to warrant sanctions, id. at 151, and "an isolated, inadvertent error does not justify Rule 11 sanctions." In re Bees, 562 F.3d 284, 288 (4th Cir. 2009) (per curiam).

Plaintiffs' counsel alleged that defendants entered into "a Contract with each student, faculty member, and alumnus of the University to protect not only the value of their degrees, but also [to] serve the University by acting in its best interest." Compl. ¶ 64. As discussed, North Carolina contract law requires an offer, acceptance, and consideration, yet the complaint ignores these requirements. See Fordham, 351 N.C. at 157–59, 521 S.E.2d at 705–06; McCraw, 256 N.C. at 216, 123 S.E.2d at 578; McLamb, 173 N.C. App. at 588, 619 S.E.2d at 580. Moreover, the notion that, by becoming a university trustee, an individual enters into a contract with every "student, faculty member, and alumnus of the University" is ludicrous. Furthermore, plaintiffs' counsel provides no "nonfrivolous argument for extending, modifying, or reversing existing [North Carolina contract] law or for establishing new law." Cf. Fed. R. Civ. P. 11(b)(2). Accordingly, the court orders plaintiffs' counsel to show cause why the complaint does not violate Federal Rule of Civil Procedure 11(b) and why this court should not award reasonable attorney's fees to defendants as a sanction.

III.

In sum, defendants' motion to dismiss [D.E. 17] is GRANTED. Plaintiffs' counsel is ORDERED TO SHOW CAUSE, by no later than July 1, 2016, why the court should not impose sanctions pursuant to Federal Rule of Civil Procedure 11. Defendants also may file a motion for costs pursuant to the Federal Rules of Civil Procedure and the court's local rules.

SO ORDERED. This 31 day of May 2016.

JAMES C. DEVER III
Chief United States District Judge

6